FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

AUG - 2 2007

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPHINE GLASS, | ) | CASE NO. 8:06CV558 |
| Plaintiff, | ) | |
| vs. | ) | |
| JANE DOE and NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES, | ) | **STIPULATED PROTECTIVE ORDER** |
| Defendants. | ) | |

THIS MATTER came on for consideration pursuant to the agreement of the parties herein, as evidenced by the signatures of their respective counsel below, for entry of a Protective Order to preserve the confidentiality of certain documents and records of the Nebraska Department of Health and Human Services System (hereinafter referred to as NDHHS), requested by the Plaintiff and Plaintiff's counsel with regard to the allegations contained within the Complaint. These records include, but are not limited to, the complete files created and retained by the NDHHS' personnel or contractors with NDHHS, and any other personally identifiable information regarding A. J. Monico, Ramone Nelson, and any and all individuals who are presently or have in the past been confined or otherwise in the custody of NDHHS, the confidentiality of which is protected by state law. See Neb. Rev. Stat. § 43-2,108.

IT IS HEREBY ORDERED:

1. The records of the NDHSS and any copies thereof shall be utilized by the undersigned parties solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and

shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. Access to the records of the state discussed above shall be limited to attorneys of record and their staff, the parties to this case, the Court, the Court staff, court reporters in connection with this action, and independent experts or consultants employed to assist any attorneys of record in the course of trial or pretrial preparation.

3. Before counsel discloses the records to any designated expert or consultant or to the individual Plaintiffs, such expert or consultant and the Individual Plaintiffs must first execute the following agreement.

## AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protection Order entered on _____, 2007, in the action now pending in the United States District Court for the District of Nebraska, entitled Josephine Glass v. Jane Doe, Director of Health and Human Services State of Nebraska Department of Health, Case No. 8:06CV558 ("the action") and am fully familiar with its terms.

I understand that in the course of my activities in connection with the action, I may have occasion to examine, inspect, or be exposed to the records of the Nebraska Health and Human Services System or the records of other government agencies. I therefore agree to be bound by and comply with all of the terms and prohibitions of the Order and not to do any act in violation of the Order.

4. All persons to whom the records are disclosed pursuant to this Order shall:

    a. Be responsible for keeping such custody or control over said records so as to assure that said records are not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Order.

    b.    Not reveal the contents of the records to any person not already subject to the terms of this Order;

    c.    Not reveal or use the contents of the records except for the purposes set forth in Paragraph 1 above; and

    d.    Return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in Paragraph 1 above.

5.    The execution and entry of the Protective Order shall in no way affect or impair the right of Plaintiffs or Defendants to raise or assert any objective or defense to the discoverability of the records or to the use, relevance, or admissibility at trial of the records or any information contained therein. The records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

6.    After this action is terminated by the entry of a final and non-further-appealable order, the records and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the agency which provided said records.

DATED this 2nd day of August, 2007.

BY THE COURT:

_____
U. S. ~~District Court~~ Magistrate Judge

3

| | |
|---|---|
| JOSEPHINE GLASS, Plaintiff, | STATE OF NEBRASKA and THE NEBRASKA DEPT. OF HEALTH AND HUMAN SERVICES, Defendants, |
| BY  /s/  Sheri E. Long Cotton<br>Sheri E. Cotton<br>1011 Switchyard Street #3322<br>Fort Worth, TX 76107 | BY   JON BRUNING, #20351<br>Attorney General<br><br>BY   /s/ Vicki L. Adams<br>Vicki L. Adams, #19499<br>Assistant Attorney General<br>2115 State Capitol<br>Lincoln, NE  68509-8920<br>Tel:  (402) 471-2682<br>Fax: (402) 471-4725<br>vicki.adams@ago.ne.gov |
| <u>Attorney for Plaintiffs</u>. | <u>Attorneys for Defendants.</u> |

33-1420-23

4