IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPHINE GLASS, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV558 |
| | ) | |
| v. | ) | |
| | ) | |
| JANE DOE and NEBRASKA | ) | MEMORANDUM AND ORDER |
| DEPARTMENT OF HEALTH AND | ) | |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion to dismiss (Filing No. 19) asserting that both defendants are immune from suit under the Age Discrimination in Employment Act ("ADEA") and that the complaint fails to state a claim upon which relief can be granted against defendant Jane Doe in her official and individual capacities pursuant to Title VII and the ADEA.[1]

### I. Standard of Review

A.  Rule 12(b)(1)

For a court to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the defendant must successfully challenge the complaint either on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge to jurisdiction such as this, all factual allegations regarding jurisdiction would be presumed true and the motion may only succeed if the plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Id.* "'Dismissal for lack of subject matter

---

[1] Defendant Nebraska Department of Health and Human Services has not sought dismissal of the Title VII claim. As such, this claim will survive this motion to dismiss.

jurisdiction will not be granted lightly.'" *Johnson v. Scotts Bluff County Sheriff's Dep't*, 245 F. Supp. 2d 1056, 1058 (D. Neb. 2003) (*quoting Wheeler v. St. Louis SW Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996)).

B.   Rule 12(b)(6)

In considering a motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume all the facts alleged in the complaint are true, and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears, beyond a doubt, that the plaintiff can prove no set of facts which would allow relief. *Id.* Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, some insuperable bar to relief.  *Id.*

**II.  Background**

The following facts are set forth in plaintiff's amended complaint and for purposes of this memorandum and order are accepted as true.  Plaintiff, a 54-year-old Black woman, was employed as a caseworker by defendant Nebraska Department of Health and Human Services ("NHHS").  On November 3, 2004, she filed a charge of discrimination with the Nebraska Equal Opportunity Commission ("NEOC") and the Equal Employment Opportunities Commission ("EEOC") alleging that she was discriminated against on the basis of her race/color and age beginning as early as June 2003, and continuing until her termination on September 27, 2004.  In addition, she alleges that she was retaliated

against for complaining about the discrimination that took place.  Plaintiff was placed on paid suspension on June 10, 2004 and was terminated on or about September 27, 2004.

Plaintiff received a right to sue letter on May 25, 2006.  She filed her original complaint (Filing No. 1) as well as her amended complaint (Filing No. 4) on August 22, 2006.  Defendants filed their motion to dismiss (Filing No. 19) on May 15, 2007. Defendant Jane Doe moves to dismiss the plaintiff's claims against her in her official and individual capacities and the Nebraska Department of Health and Human Services moves to dismiss plaintiff's age discrimination claim.  The plaintiff has not responded to the motion.

### III.  Discussion

A.   Doe Not Explicitly Named Individually

A plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint.  *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995).  If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims.  *Id.*  Here, plaintiff's complaint is silent about the capacity in which she is suing defendant Jane Doe.  Thus, her complaint must be interpreted as including claims against Jane Doe only in her official capacity.  Therefore, plaintiff's claim against Jane Doe, individually, is dismissed.

B.   ADEA Claims

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This immunity is provided to "states, and state agencies. . . . not only from suits brought by citizens of other states, but also from suits

brought by their own citizens." *Doe v. State of Nebraska*, 345 F.3d 593, 597 (8th Cir. 2003) (citing *Hadley v. N. Ark. Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996)). It reaches not only state claims brought in federal court against a state, *see Randolph v. Rodgers*, 170 F.3d 850, 859 (8th Cir. 1999) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)), but also federal claims brought in federal court against a state, *see Doe*, 345 F.3d at 597-98.

Eleventh Amendment immunity provides states with a strong defense against suit in federal court but this immunity "is not absolute." *Doe*, 345 F.3d at 597. A state may be subject to suit where: (1) the state has unequivocally waived its sovereign immunity and consented to suit in federal court; or (2) Congress has unequivocally, through legislation, abrogated state immunity in order to effectuate the provisions of the Fourteenth Amendment. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Pennhurst*, 465 U.S. at 97-100; *Burk v. Beene*, 948 F.2d 489, 492-94 (8th Cir. 1991).

The Supreme Court has clearly declined to extend the abrogation principles of Title VII to the ADEA. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[W]e hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid. … State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union."). Since the ADEA does not abrogate a state's sovereign immunity, NHHS and its employees acting in their official capacities enjoy Eleventh Amendment immunity from ADEA claims brought in federal court. Consequently, the ADEA claims asserted in the

4

complaint will be dismissed as to all defendants. *Thurber v. Nebraska*, 2006 U.S. Dist. LEXIS 78354, at *14 (D. Neb. 2006).

C.   Title VII

Defendants next assert that the Title VII claim must be dismissed as to defendant Doe because it would be duplicative to bring claims against both an employer and a supervisor who was acting as the agent of the employer under Title VII.  "'Employer' as defined in Title VII includes 'a person engaged in an industry affecting commerce … and any agent of such a person.'  42 U.S.C. § 2000e(b).  Given this definition, it would be duplicative to bring claims against both an employer and a supervisor who is acting as an agent of the employer." *Henderson v. St. Louis County*, 2006 U.S. Dist. LEXIS 88481 at *3-4 (E.D. Mo.  2006).  Other courts in the Eighth Circuit have reached the same conclusion as the *Henderson* court.  *See Coller v. State of Missouri, Dep't of Econ. Dev.*, 965 F. Supp 1270, 1275 (W.D. Mo. 1997)(holding that dismissal of redundant claims against the supervisor was appropriate); *Green v. City of St. Louis*, No. 4:05CV198 JCH, 2006 U.S. Dist. LEXIS 39624, 2006 WL 1663439, at *10 (E.D. Mo. June 15, 2006) (holding that a suit against a supervisor in his or her official capacity is treated as a suit against the employer itself).  Because any liability against Doe will be satisfied by NHHS, plaintiff's claim alleging a violation of Title VII is dismissed against Doe.

ACCORDINGLY, IT IS ORDERED:

1.   Defendants' motion to dismiss plaintiff's ADEA claim and plaintiff's claims against defendant Jane Doe (Filing No. 19) is granted.

2.   Plaintiff's claims against defendant Jane Doe in her individual and official capacities are dismissed.

3. Plaintiff's ADEA claim is dismissed.

4. Defendant Nebraska Department of Health and Human Services shall file an answer to the Title VII claim asserted in the amended complaint by September 17, 2007.

DATED this 20th day of August, 2007.

BY THE COURT:

s/Joseph F. Bataillon
Chief District Court Judge