**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **JOSEPHINE GLASS,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV558 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES,** | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Compel Plaintiff's Rule 26(a)(1) Disclosures and for Sanctions (Filing No. 34) and Amended Motion to Compel Plaintiff's Rule 26(a)(1) Disclosures (Filing No. 36). The plaintiff has not filed a response to the motions.

On June 5, 2007, the court entered an order requiring the parties to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by August 1, 2007. **See** Filing No. 23. In response to a motion filed by the defendant, the court extended the deadline to August 31, 2007. **See** Filing Nos. 26-27. On August 31, 2007, the defendant filed certification of service for its Rule 26(a)(1) disclosures. **See** Filing No. 33.

On September 19, 2007, the defendant filed its initial motion to compel, stating the plaintiff had yet to serve the disclosures by that date. **See** Filing No. 34. Counsel for the defendant states she made an inquiry by mail on September 6, 2007, about the disclosures, but the plaintiff's counsel did not respond. *Id.* Counsel for the parties spoke on the telephone about the matter on September 12, 2007, when counsel for the plaintiff stated the disclosures would be served that same day. *Id.*

The plaintiff filed a certificate of service for the disclosures on September 27, 2007. **See** Filing No. 35. On October 9, 2007, the defendant filed an amended motion to compel, renewing its request for sanctions in connection with the plaintiff's failure to promptly serve initial disclosures. **See** Filing No. 36. The defendant acknowledges receipt of the September 27, 2007 disclosures, but states they were deficient. **See** Filing No. 36, Ex. 1. Specifically, the defendant states the plaintiff's disclosures indicate that:

> (B) A copy of or description by category and location of all documents that are in the possession, custody or control of the Plaintiff that the Plaintiff may use to support her claims, other than those documents that may be used solely for impeachment **the transcript of her unemployment appeal hearing which is being sent under separate cover.**

**See** Filing No. 36, Ex. 1(A) (emphasis added).

The defendant contends it has not received the document referenced in section B of the disclosure. **See** Filing No. 36, Ex. 1. The plaintiff has not filed a response to the initial or amended discovery motion, nor has the plaintiff filed certificate of service for the relevant transcript.

Pursuant to Federal Rule of Civil Procedure 37(a)(2): "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Further, the moving party must make a showing that it "has in good faith conferred . . . to secure the disclosure without court action." Rule 37(a)(2). Here, the plaintiff provided the initial disclosures after the defendant filed a motion to compel. However, the plaintiff did not provide a copy of the transcript described in the disclosure despite noting the transcript was in her possession. Production of the copy is required pursuant to Rule 26(a)(1)(B) by admission of the plaintiff. Since the plaintiff has agreed to production, the defendant's amended motion will be granted.

With regard to sanctions, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> **If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed**, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added). The plaintiff's failure to provide initial disclosures required the defendant to file a motion to compel. Thereafter, the plaintiff

served inadequate disclosures. However, the defendant failed to renew good faith discussions with the plaintiff about the failure to provide the document referenced in the disclosure. Because the complete failure to provide a disclosure is different from failing to provide adequate disclosure, the defendant was required under the rules to confer with the plaintiff prior to filing the "amended" motion to compel. Therefore, the court shall, after the plaintiff has a chance to respond, grant the defendant's reasonable expenses only for filing the initial motion to compel, unless the plaintiff shows substantial and legal justification for the failure to provide timely initial disclosures. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Compel Plaintiff's Rule 26(a)(1) Disclosures and for Sanctions (Filing No. 34) is denied as moot.

2. The defendant's Amended Motion to Compel Plaintiff's Rule 26(a)(1) Disclosures (Filing No. 36) is granted, in part, as described herein.

3. The plaintiff shall have to **on or before November 16, 2007**, to produce a copy of the transcript of her unemployment appeal hearing.

4. The plaintiff shall have to **on or before November 16, 2007**, to show cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing the initial motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

Dated this 7th day of November, 2007.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge