# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JOSEPHINE GLASS,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV558 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **NEBRASKA DEPARTMENT OF HEALTH AND HUMAN SERVICES,** | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the plaintiff's response (Filing No. 39) to this court's November 7, 2007 show cause order (Filing No. 37). On November 7, 2007, the court granted the defendant's motion to compel, in part, to require the plaintiff to produce a copy of the transcript of her unemployment appeal hearing. The plaintiff had not filed a response to the defendant's motion.

The plaintiff now states counsel believed she had the transcript, but the document turned out to be the opinion. Upon further search, counsel discovered she did not have the transcript. The plaintiff agreed to subpoena a copy of the transcript and provide it to opposing counsel.

Counsel further stated that counsel for the defendant did not attempt to resolve the dispute prior to filing the motion to compel. Although the defendant did not reply to the plaintiff's response, the original motion to compel documents are in contrast to the plaintiff's assertion. On September 19, 2007, the defendant filed its initial motion to compel, stating the plaintiff had yet to serve the disclosures by that date. **See** Filing No. 34. Counsel for the defendant stated she made an inquiry by mail on September 6, 2007, about the disclosures, but the plaintiff's counsel did not respond. *Id.* Counsel for the parties spoke on the telephone about the matter on September 12, 2007, when counsel for the plaintiff stated the disclosures would be served that same day. *Id.* The plaintiff filed a certificate of service for the disclosures on September 27, 2007. **See** Filing No. 35. On October 9, 2007, the defendant filed an amended motion to compel, renewing its request for sanctions in connection with the plaintiff's failure to promptly serve initial disclosures. **See** Filing No.

36. The defendant acknowledges receipt of the September 27, 2007 disclosures, but states they were deficient. **See** Filing No. 36, Ex. 1.

Pursuant to Federal Rule of Civil Procedure 37(a)(2): "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Further, the moving party must make a showing that it "has in good faith conferred . . . to secure the disclosure without court action." Rule 37(a)(2). Here, the plaintiff provided the initial disclosures after the defendant filed a motion to compel. However, the plaintiff did not provide a copy of the transcript described in the disclosure despite noting the transcript was in her possession. The plaintiff does not dispute that the document should be produced, but states she did not have a copy of the document as she thought she did.

With regard to sanctions, Federal Rule of Civil Procedure 37(a)(4)(A) provides:

> **If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed**, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A) (emphasis added). The plaintiff's failure to provide initial disclosures required the defendant to file a motion to compel. Thereafter, the plaintiff served inadequate disclosures. However, the defendant failed to renew good faith discussions with the plaintiff about the failure to provide the document referenced in the disclosure. Because the complete failure to provide a disclosure is different from failing to provide adequate disclosure, the defendant was required under the rules to confer with the plaintiff prior to filing the "amended" motion to compel. Therefore, the court declined to award any sanctions with regard to the amended motion to compel. The court has given the plaintiff an opportunity to show cause why sanctions should not be awarded with regard to the initial motion to compel.

The plaintiff fails to make any showing supporting legal justification for the failure to provide timely initial disclosures. The evidence shows the defendant did attempt to resolve the dispute prior to involving the court. However, the plaintiff did not respond to the defendant, then agreed to provide the disclosures by a date certain. The plaintiff then failed to serve the disclosures at the agreed upon time. The plaintiff failed to provide any justification or explanation for the actions until compelled to do so by this court's November show cause order. The plaintiff's conduct caused unnecessary expense, delay, and court intervention. Under the circumstances, the court will grant the defendant's reasonable attorney fees in connection with the initially filed motion to compel because the plaintiff failed to show substantial and legal justification for the failure to provide timely initial disclosures, aside from the issue of the transcript. **See** Fed. R. Civ. P. 37(a)(4)(A). Upon consideration,

**IT IS ORDERED:**

1. The defendant will be awarded reasonable attorney fees in connection with filing its Motion to Compel Plaintiff's Rule 26(a)(1) Disclosures and for Sanctions (Filing No. 34).

2. Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file **on or before February 14, 2008,** a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, the defendant may file **on or before February 20, 2008,** an application for the award of the costs and fees accompanied by an affidavit of such costs and fees, pursuant to NECivR 54.3 and 54.4. The plaintiff shall have **until on or before February 29, 2008,** to respond to the application. Thereafter, the issue of costs and sanctions will be deemed submitted and a written order entered.

Dated this 24th day of January, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge